UNITED STATES v. GIULIANI.

(District Court, D. Delaware. May 15, 1906.)

No. 1.

1. ALIENS—IMPORTATION OF WOMEN FOR PURPOSES OF PROSTITUTION—ELEMENTS OF OFFENSE.

To warrant the conviction of a defendant charged with a violation of Act March 3, 1903, c. 1012, 32 Stat. 1214 [U. S. Comp. St. Supp. 1905, p. 276], which provides that "the importation into the United States of any woman or girl for the purposes of prostitution is hereby forbidden, and whoever shall import or attempt to import any woman or girl into the United States for the purposes of prostitution, or shall hold or attempt to hold, any woman or girl for such purposes in pursuance of such illegal importation, shall be deemed guilty of a felony," where the charge is that of holding a woman so imported by defendant and another for the purposes of prostitution, it must be shown that defendant, either alone or in connection with such other, knowingly and willfully imported, or caused to be imported, such woman for the purposes of prostitution, and thereafter, to effect the object of such illegal importation, knowingly and will-

fully held such woman for such purposes. It is not necessary that defendant should have detained such woman by physical force, but it is sufficient to constitute a holding within the meaning of the statute if such woman was detained for the purpose of prostitution by physical means applied to her either directly or indirectly by defendant, or by threats, express or implied, directly or indirectly made to her by defendant, or by commands made to her directly or indirectly by defendant and calculated and operating to restrain her freedom of action and will. To warrant a conviction for attempting to hold the same proof is required, except that it is not necessary that the means used should have been successful.

2. CRIMINAL LAW—EVIDENCE—EFFECT OF TESTIMONY OF ACCOMPLICE.

While the degree of credit to be given to the testimony of an accomplice in a criminal case is a matter within the exclusive province of the jury, who may as matter of law convict on such testimony alone, yet to warrant a conviction such testimony should usually be corroborated in some material part, although the corroboration need not extend to all matters testified to by the accomplice, and the jury should also consider whether he has been successfully contradicted with respect to any material portion of his testimony.

[Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Criminal Law, §§ 1124, 1128.]

John P. Nields, U. S. Dist. Atty.
Leonard E. Wales, for defendant.

BRADFORD, District Judge (charging jury). The indictment in this case charges Lucia Giuliani alias Lucia Marasso, the defendant, with violating the provisions of section 3 of the act of Congress of March 3, 1903, c. 1012, 32 Stat. 1214 [U. S. Comp. St. Supp. 1905, p. 276], entitled "An Act to regulate the immigration of aliens into the United States." That section provides that "the importation into the United States of any woman or girl for the purposes of prostitution is hereby forbidden, and whoever shall import or attempt to import any woman or girl into the United States for the purposes of prostitution, or shall hold or attempt to hold, any woman or girl for such purposes in pursuance of such illegal importation, shall be deemed guilty of a felony, and, on conviction thereof," shall be punished as therein provided. The indictment as found by the grand jury originally contained three counts. The first count has been abandoned by the government and there are, therefore, only the second and third counts for your consideration. The second count charges, in substance, that the defendant and one Gesuele De Loreto having on or about the fourteenth day of December, 1905, illegally imported into the port of New York in the state of New York on the steamship Prinz Adalbert from the city of Naples in the Kingdom of Italy a woman of the name of Rosa Caliendo alias Rosa Caliento for the purposes of prostitution, the defendant, in pursuance of such illegal importation did on December 14, 1905, and thereafter on divers other days until January 19, 1906, in the district of Delaware, feloniously hold the said Rosa Caliendo at and in the premises Nos. 216 and 218 East Second Street, in this city, for the purposes of prostitution. The third count is in all respects similar to the second, except that, instead of charging that the defendant feloniously held

Rosa Caliendo for the purposes of prostitution, it charges that the defendant feloniously attempted to hold her for such purposes. To warrant a verdict of guilty on both or either of the counts remaining open for your consideration all the essential ingredients or elements of criminality as therein charged must be established by the evidence beyond a reasonable doubt as hereinafter defined. To justify a conviction of the defendant on the second count you must be so satisfied that the defendant either in co-operation with Gesuele De Loreto or by herself knowingly and wilfully imported or caused to be imported Rosa Caliendo from Naples to the port of New York by the steamship Prinz Adalbert for the purposes of prostitution; and that thereafter the defendant knowingly and wilfully and in pursuance of and to effect the object of such illegal importation held Rosa Caliendo on some day or days between December 14, 1905, and January 19, 1906, both inclusive, at the above-mentioned premises in this city for the purposes of prostitution. To justify a conviction of the defendant on the third count you must be satisfied that the defendant either in co-operation with Gesuele De Loreto or by herself knowingly and wilfully imported or caused to be imported Rosa Caliendo in the manner and for the purposes above set forth; and that thereafter the defendant knowingly and wilfully attempted, at some time or times within the above mentioned period at the above mentioned premises in this city, to hold Rosa Caliendo for the purposes of prostitution. If Rosa Caliendo solely in the exercise of her free and unconstrained will remained during the whole of the above mentioned period at the premises in question for the purposes of prostitution, although at the invitation of or by reason of alluring promises made by the defendant, the defendant did not hold Rosa Caliendo for the purposes of prostitution as charged in the second count, and your verdict in that case should be not guilty as to the second count. But to constitute a holding of Rosa Caliendo for the purposes of prostitution as charged in the second count, it is not necessary that the defendant should have detained her by physical force, as, for instance, by chaining her or forcibly confining her or placing her under lock and key at the premises in question, or by placing a guard over her to restrain or control her bodily freedom or power of locomotion in order to compel her to submit herself to prostitution. It is sufficient to constitute a holding in the meaning of the statute that Rosa Caliendo should have been detained by the defendant at the premises in question for the purposes of prostitution either by physical means, directly or indirectly applied to her by the defendant, or by threats, express or implied, directly or indirectly made to her by the defendant or by command or commands made to her directly or indirectly by the defendant, and calculated and operating to restrain her freedom of action and will. To constitute an attempt by the defendant at the premises in question to hold Rosa Caliendo for the purposes of prostitution, as charged in the third count, it is necessary that the defendant should have endeavored or made an effort, though ineffectual, by means designed and to a greater or less extent calculated to effect the object, to hold her for the purposes of prostitution in the sense of

the term hold as above defined, with an intent on the part of the defendant at the time of so endeavoring or making effort to hold her for the purposes of prostitution. It is not necessary to a conviction under the third count that the attempt to hold should be successful. The statute denounces an attempt to hold equally with a holding. An attempt to hold for the purposes of prostitution may be made, as in the case of a holding for such purposes, by physical force, threats or commands, or by other means designed and calculated to restrain freedom of action and will. If the defendant made an attempt to hold Rosa Caliendo for the purposes of prostitution, as charged in the third count, she should be convicted if the other elements of criminality therein charged have been established to your satisfaction.

There are certain principles of law for your guidance in your deliberations to which it is now the duty of the court to direct your attention. There is a conclusive presumption of law founded on the clearest principles of public policy that persons of sound and mature mind have knowledge of the criminal laws of the government under which they live and are responsible for their violation; and the law presumes, in the absence of evidence to the contrary, that all persons are of sound mind. The law presumes that persons charged with crime are innocent until they are proved by competent evidence to be guilty. This presumption is evidence in favor of the defendant and stands as her sufficient protection unless it has been overcome by the evidence in the case, taken as a whole, proving her guilt beyond a reasonable doubt. To justify a verdict of guilty, the evidence in the case as a whole must be such as to exclude every reasonable hypothesis but that of the guilt of the defendant as charged in both or either of the counts of the indictment remaining open for your consideration; and from this it, of course, follows that if the jury find that all the evidence in the case when taken together is as compatible with the theory of innocence as with the theory of guilt there should be an acquittal. The commission of a criminal offense can be proved by circumstantial evidence as well as by direct evidence, provided the circumstances proved, together with all reasonable inferences drawn from them, are such as to leave no reasonable doubt in the minds of the jury that the defendant is guilty. You are to take into consideration all the evidence in this case, both direct and circumstantial, documentary and oral, together with all reasonable inferences to be drawn from that evidence, in arriving at a conclusion. A reasonable doubt is a doubt based on reason, and which is reasonable in view of all the evidence. It is not a whimsical, arbitrary or purely speculative doubt, nor a mere conjecture or guess. If after an impartial comparison and consideration of the evidence you can candidly say that you are not satisfied of the defendant's guilt, you have a reasonable doubt, but if, after such impartial comparison and consideration of all the evidence you can truthfully say that you have a fixed conviction of the defendant's guilt, such as you would be willing to act upon in the more weighty and important matters relating to your own affairs, you have no reasonable doubt, and in

that case should find a verdict of guilty. Absolute certainty is not required for such a verdict. Proof beyond a reasonable doubt as above defined is sufficient.

The law permits the defendant at her own request to testify in her own behalf. The defendant here has availed herself of this right. Her testimony is before you and you must determine how far it is credible. The deep personal interest which she has in the result of this case should be considered by you in weighing her evidence and in determining how far or to what extent, if at all, it is worthy of credit. In considering the credibility of or weight which you should attach to the testimony of the defendant, you should regard, among other things, the inherent probability or improbability of her statements, and to what extent she has been corroborated or contradicted by other evidence in the case whether documentary or oral. Where a witness has a direct personal interest in the result of a case, especially of a criminal case, the temptation is strong to color, pervert or withhold the facts.

Gesuele De Loreto appears from his testimony to have co-operated with the defendant in the alleged illegal holding of Rosa Caliendo for the purposes of prostitution as well as in the importation of Rosa Caliendo from Naples to the United States. He should, therefore, be treated as an accomplice so far as his credibility as a witness is concerned. While the testimony of an accomplice should always be received with caution and weighed and scrutinized with great care by the jury, the accomplice is nevertheless a competent witness, and the degree of credit which should be given to the testimony of an accomplice is a matter exclusively within the province of the jury. While the jury as a matter of law may convict a person accused of a grave crime upon the uncorroborated testimony of an accomplice, it is, however, usual for the court to advise the jury against a conviction unless the testimony of the accomplice has been corroborated by competent evidence in some material part. The corroboration need not extend to all matters testified to by the accomplice, but it being shown that the accomplice has testified truly in some material parts it may be inferred by the jury that he has in others. In this case you are to determine upon the evidence, documentary as well as oral, whether Gesuele De Loreto has or has not been corroborated with respect to material parts of his testimony by the documentary evidence and the testimony of a number of witnesses, including Rosa Caliendo, Pasquale Frallicciardi and also several others who testified they were frequenters of the premises in question and had heard certain statements or declarations made by the defendant, which you will doubtless recall. You are also to determine whether or not Gesuele De Loreto has been successfully contradicted with respect to any material portion of his testimony. And, of course, if you believe that Pasquale Frallicciardi was also an accomplice the above remarks would apply to him. I may further add that if the testimony of Rosa Caliendo and Pasquale Frallicciardi stood wholly uncorroborated, directly or circumstantially, this court would deem it its duty to advise the

jury not to convict the defendant upon their uncorroborated testimony, in view of their admittedly false statements in their examination at the preliminary hearing before the commissioner; but unquestionably there is evidence in this case tending to corroborate the truthfulness of their testimony before you, and the weight of that corroborative evidence is for you as reasonable men, and not for the court, to determine.

In a criminal prosecution where the oral testimony is more or less conflicting and especially in a case like this where two of the witnesses for the government in their examination at the preliminary hearing before the commissioner made statements varying on material points from their testimony given before you, it is of much importance for the purpose of enabling you to determine whether greater weight should or should not be given to their evidence before the commissioner than to their testimony before you, that you should take into consideration those facts which are admitted or established by uncontradicted evidence, together with all reasonable inferences or deductions therefrom, and that in the light of such facts and inferences and of the documentary evidence before you, you should weigh the probability or improbability of the truthfulness of the oral testimony submitted to you, in order to reach a result satisfactory to your minds. By such a process you will be the better enabled, not only to determine whether the evidence of the two witnesses given before you is or is not entitled to greater credence than that given by them before the commissioner, but also to reach a just verdict. And you will give to their explanation before you of such discrepancy such weight as you shall consider it entitled to.

I shall now advert to some of the evidence, at the same time reminding you that what I shall say with respect to it is not in the least binding upon you; and that there is not the slightest intention on the part of the court to usurp your function as a jury to pass upon the facts, but only to assist you in reaching a just conclusion. It is admitted by the defendant that she has for many years and in different places kept establishments in which prostitution has been practiced. There is uncontradicted evidence to the effect that Rosa Caliendo for years before her importation into the United States was a common prostitute in Italy, and that she was imported on the steamship Prinz Adalbert from Naples to the port of New York, arriving at the latter place December 14, 1905. It further appears from the uncontradicted evidence that the defendant went from Wilmington to New York a day or two prior to the arrival of the steamship in order to receive Rosa Caliendo; that upon the arrival of the steamship the defendant conducted or accompanied Rosa Caliendo to the premises of the defendant in this city. There is further uncontradicted evidence that a passage ticket was procured and paid for in this city for the transportation of Rosa Caliendo, although there is a conflict in the evidence on whose account such importation was had. It further appears from uncontradicted evidence, including that of the defendant, that within two days after

her arrival at the premises of the defendant Rosa Caliendo indulged
in common prostitution on those premises and paid to the defend-
ant as the result of her illicit or carnal intercourse during a period
of ten days a sum of money approximating $100, and that thereafter
and until the 19th day of January, 1906, she also paid to the defend-
ant periodically as the result of her continued illicit intercourse
further sums of money to a considerable amount, which you will
recall; and further, that the defendant retained one-half of all the
moneys so turned over to her by Rosa Caliendo as her share.   Un-
der these circumstances and on the question whether or not the
defendant either by herself or in co-operation with Geusuele De
Loreto imported or caused the importation of Rosa Caliendo into the
United States for the purposes of prostitution, it is material to
consider the probability or improbability of the contention by the
defendant that Gesuele De Loreto and Pasquale Frallicciardi pro-
cured the importation of Rosa Caliendo for their own purposes, and
not she, the defendant, for the purposes of prostitution.   Who first
conceived the idea of bringing Rosa Caliendo to the United States?
On this question, and wholly aside from the oral testimony, you will
doubtless recall the letter of August 17, 1905, admittedly written
by the defendant to Pasquale Frallicciardi.   Does or does not this
letter tend to corroborate and support the testimony of witnesses on
behalf of the government as to declarations alleged by them to have
been made by the defendant in the fall of 1905, as to the coming
of a girl from Naples to her premises for the purposes of prostitution?
To whom was it of greater interest that Rosa Caliendo should be
imported to this country, in view of what subsequently transpired
on the defendant's premises with respect to gains from illicit inter-
course?   I shall not undertake further to review and analyze the
documentary and oral evidence bearing on the question of the im-
portation of Rosa Caliendo for the purposes of prostitution.   It is
wholly unnecessary as the evidence has been recently delivered and
doubtless is fresh in your recollection.   If you should conclude that
the defendant, either by herself or in co-operation with Gesuele De
Loreto, caused the importation of Rosa Caliendo to the United
States for the purposes of prostitution, the further question arises
whether or not within the definition of holding heretofore given you
by the court the defendant held her for the purposes of prostitution at
the premises in question.   It is not necessary to a conviction that
the defendant should have held Rosa Caliendo for such purposes for
any given period of time.   If the defendant so held her on any day
or days between the fourteenth day of December and the nineteenth
day of January, both inclusive, she is guilty on the second count,
if the other elements of criminality as charged in that count have been
established to your satisfaction.   You have heard the testimony of
the defendant and others in denial of force, coercion or threats prac-
ticed upon Rosa Caliendo, and you have also heard the testimony of
the witnesses on behalf of the government on the subject of threats,
confinement to the house and allowing Rosa Caliendo to leave the
house only when in charge of or accompanied by the defendant or

some other person connected with her establishment. The fact, if fact it be, that on one or more occasions Rosa Caliendo was permitted to go alone on the streets of Wilmington, or went without permission on the streets of Wilmington, does not in and by itself negative a holding of her by the defendant for the purposes of prostitution at other times within the above-mentioned period. A holding of her by the defendant for such purposes for a single day or for the fraction of a day, would constitute a holding within the meaning of the statute. The effect of threats made by the defendant or commands given by her or those acting by her request, if such were made or given, is for your determination. While Rosa Caliendo is a grown woman and physically well developed, and while it appears from the evidence there were several doors leading from the defendant's premises to the adjoining streets, it may or may not be material that you should bear in mind that she was a foreigner, just arrived from Italy, a stranger in the United States and unable to speak the English language. Under these circumstances it is for you to determine what effect threats or commands on the part of the defendant, if such were made or given, would have upon such a woman with respect to her freedom of action and locomotion. According to the testimony on behalf of the defendant no compulsion or threats of any kind were made or practiced by her toward Rosa Caliendo, and the latter was at liberty to leave the house whenever she should so desire. It is for you to determine whether or not it is probable, had such been the case, that in a city of between eighty and ninety thousand inhabitants Rosa Caliendo would not have been seen on the streets many times and by many persons, including neighbors, during the period in question, who could and would have so testified. If you are of the opinion, under these circumstances, that there is an inherent improbability in the contention on the part of the defendant that Rosa Caliendo was not held for the purposes of prostitution, during the whole or any part of the period in question, it will be for you to determine how far the existence of such improbability tends to support direct and positive declarations of witnesses on the part of the government relating to alleged threats made to and restraint placed upon Rosa Caliendo in order to detain her at the premises in question for the purposes of prostitution. The following passage occurs in the testimony of the defendant, after a denial of the making of any threats by her:

"Q. Do you recall about the third week after Rosa came she had done something to displease you? A. Yes, she was making too much noise; she was hugging and kissing the customers there and she was a regular crazy person and I told her she had better go to her brother. Q. You told her to leave? A. Yes, I wanted to send her away. Q. Did she go? A. No, she didn't go away because she had to finish to pay Gesuele and then we were arrested."

A pertinent inquiry may be, how was she to pay Gesuele unless out of her proceeds of prostitution, which, so far as is to be gathered from the evidence, was her only source of revenue? And further, why did the defendant take such an interest in her paying Gesuele unless she, the defendant, was under some obligation to Gesuele on account of which the money to be paid by Rosa Caliendo was to be

applied? And if so, what obligation? Gesuele, you will recall, testified to the effect that he had loaned money to the defendant, first $30, and afterwards $13. It is in evidence that the passage ticket of Rosa Caliendo cost $31.65, and that $13 was loaned by Gesuele to the defendant to pay her expenses to New York. Did or did not the defendant hold Rosa Caliendo for the purposes of prostitution in order that money should be paid to Gesuele? It is in evidence before you and is not disputed that during the first ten days of her prostitution at the premises in question and thereafter and until her arrest she earned an amount of money, which at the prices paid by customers will enable you to form some conception of the extent and degree of her carnal intercourse. It is for you to determine whether Rosa · Caliendo under these circumstances continued at all times in her prostitution without some constraint practiced upon her, and if there was constraint, by whom? Rosa Caliendo testified, among other things: "Sometimes I was sleeping on the couch and wouldn't feel very well and she," meaning the defendant, "would waken me up and say here, get up and do business." Is this a probable or improbable statement by Rosa Caliendo, and would it or not, under the circumstances disclosed in the case show or indicate restraint practiced by the defendant? This is for your determination. Did or did not the defendant attempt to hold Rosa Caliendo for the purposes of prostitution at her establishment in pursuance of the illegal importation as claimed by the government? It is unnecessary, in view of what has already been said, and I shall not undertake to review the evidence on this point.

I desire to repeat that you are in no respect bound by any references made by the court to the evidence in this case, nor by any inferences by the court from the evidence, express or implied, excepting in so far as they commend themselves to your own independent judgment. It is your duty to consider the evidence in the case, oral and documentary, as a whole, and not to give undue importance to minor points or portions of the evidence taken piece-meal. A criminal case involving much testimony and many facts should not be decided upon the probability or improbability of any one point singled out of the evidence, but a proper decision requires due consideration to be given to all the evidence, direct and circumstantial, in the case.

You are the sole judges of the credibility of witnesses, their demeanor, their relation to the respective parties, the weight to be given to their testimony, and the weight and effect of the evidence, whether oral or documentary, and in the exercise of your judgment you may accept as true or reject as false in whole or in part the testimony of the defendant or any other witness. While it is the exclusive function of the court to present to you the principles of law applicable to the case, it is your exclusive function to pass upon the facts and the evidence and reach a conclusion, subject to the principles of law as presented by the court. The court has been requested to give you instructions on a number of points of law in the language employed by the counsel for the defendant. The charge of

the court embraces in substance all the propositions suggested by the counsel in so far as those propositions are, in the opinion of the court, properly applicable to the case. The guilt or innocence of the defendant is to be determined by you as intelligent and conscientious men upon the evidence adduced in this case and upon that alone. No consideration of consequences, whether to the government or to the defendant, which may result from your verdict, should be permitted in any manner to influence your deliberations or control your verdict. If upon all the evidence in the case you are not satisfied beyond a reasonable doubt of the guilt of the defendant on both or either of the counts remaining in the indictment you should acquit her; but if upon all the evidence in the case you are satisfied beyond a reasonable doubt that the defendant is guilty in manner and form as she stands indicted in the second and third counts, or either of them, you should return a verdict of guilty. If you find a verdict of guilty it may be a general verdict of guilty as to both counts remaining in the indictment, or a verdict of guilty as to either one of them, as the evidence shall warrant.